# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Babar Javed Butt** §
    **Plaintiff** §
1209 Sunflower Lane §
Alvarado, Texas 76009 §
  §
v. §
  §
  §
U.S. Department of State §
Central Intelligence Agency §
U.S. Department of Justice §
U.S. Department of Homeland Security §
Executive office for Immigration review §
Federal Bureau of Investigation §
U.S. Citizenship & Immigration Services §
Immigration and Customs Enforcement §

Civil Action# 1:19-cv-00155 (UNA)



Serve:
Civil process clerk
Office of the United States Attorney
for the District of Columbia
555 Fourth Street, NW

Attorney General of the United States
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

US Department of Justice[1]
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

US Department of Homeland Security[2]
245 Murray Lane, SW
Washington, DC 20528

US Department of State
The Executive office
Office of the Legal Adviser, Suite 5.600
600 19th Street, N.W
Washington, DC 20522

## COMPLAINT FOR DECLARATION
## AND INJUNCTIVE RELIEF

---

[1] FBI and EOIR to be served at the same address
[2] USCIS and ICE to be served at the same address

1

## COMPLAINT

1. Plaintiff Babar Javed Butt brings this action against the above named Defendants collectively referred to as "**Defendants**" in this complaint under the Freedom of Information Act 5. U.S.C § 552 ("FOIA") and the Privacy Act ("Privacy Act") 5. U.S.C § 552a seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the Privacy Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5. U.S.C § 552 (a)(4)(B) and 28. U.S.C § 1331.

3. Venue is proper in this District pursuant to 28. U.S.C § 1391(e) and 5. U.S.C § 552 (a)(4)(B).

## TIME FOR DEFENDANT TO RESPOND

4. Pursuant to FOIA, **Defendants** have thirty (30) days to respond to the instant Complaint 5. U.S.C § 552 (a)(4)(C).

## PLAINTIFF OBJECTS TO ANY CONTINUANCE

5. Plaintiff is currently in immigration proceedings at risk of deportation and because **Defendants** have been given adequate time to respond Plaintiff objects to any unwarranted continuance.

## PARTIES

6. Plaintiff, proceeding Pro Se, is an immigration detainee at Prairieland Detention center in Alvarado, Texas currently in removal proceedings.

7. Defendant *U.S Department of State* is an agency of the United States Government headquartered at 2201 C Street, N.W, Washington, DC 29520.

8. Defendant *Central Intelligence Agency* is an agency of the United States Government within the meaning of 5. U.S.C § 552(f).

9. Defendant *Department of Justice* ("DOJ") is an agency of the United States Government headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530. The *Executive office for Immigration Review* ("EOIR") and *Federal Bureau of Investigation* ("FBI") are components of the DOJ.

10. Defendant *Department of Homeland Security* ("DHS") is an agency of the United States Government headquartered at 245 Murray Lane, SW, Washington D.C 20528. Defendant *United States Citizenship and Immigration Services* ("USCIS") and Defendant *Immigration and Customs Enforcement* ("ICE") are components of DHS.

### STATEMENT OF FACTS

1. **Defendant Department of State**

11. On July 30th 2018, Plaintiff submitted a FOIA request to Defendant Department of State. Please see attached Exhibit 1*. By a letter dated August 21st 2018 Defendant Department of State acknowledged the receipt of Plaintiff's FOIA request and assigned a reference number. Please see attached Exhibit 2.

12. As of the date of this Complaint, Defendant Department of State has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; (iii) expedite the processing of Plaintiff's FOIA request; or (iv) inform Plaintiff that it may appeal any adequately specific, adverse determination.

*Plaintiff reached out to the United Nations Refugee Center and obtained Bullet points 1 through 3 of his FOIA request sent to the Dept of State therefore those are no longer an issue.*

2. **Defendant Central Intelligence Agency (CIA)**

13. On August 1st 2018, Plaintiff submitted a FOIA request to the CIA. Please see attached Exhibit 3. By letters dated August 3rd August 8th 2018, Defendant CIA acknowledged the receipt of Plaintiff's FOIA request and assigned two separate reference numbers. Please see attached Exhibit 4 & 5. Plaintiff was also requested to submit a certificate of identity.

14. On August 13th 2018 Plaintiff faxed the CIA a complete certificate of identity and in addition appealed its decision of denying Plaintiff's request to expedite his request. Please see attached Exhibit 6.

15. In letters dated September 17th 2018 and 16th October 2018, Plaintiff requested an update on his FOIA request but did not receive any correspondence back. Please see Exhibit 7 and Exhibit 8.

16. As of the date of this Complaint, Defendant CIA has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; (iii) update Plaintiff on his appeal against the denial of his request to expedite his FOIA processing; or (iv) inform Plaintiff that it may appeal any adequately specific, adverse determination.

3. **Defendant Department of Justice and its components (*A*) Executive office for Immigration Review ("EOIR") (*B*) Federal Bureau of Investigation ("FBI")**

   *A. Executive office for Immigration Review ("EOIR")*

17. On July 30th 2018, Plaintiff submitted a FOIA request to Defendant EOIR. Please see attached Exhibit 9. By a letter dated August 2nd 2018, Defendant EOIR acknowledged the receipt and assigned a reference number. Please see attached Exhibit 10.

18. On August 17th 2018 EOIR mailed Plaintiff a CD which contained Plaintiff's Alien File. However, the contents of the CD *only* addressed bullet point #2 of Plaintiff's FOIA request and failed to address the remaining parts (*Bullet points #3 through #18*). Please see Exhibit 11.

19. Unsatisfied that the EOIR did not address any of the remaining parts of Plaintiff's FOIA request Plaintiff filed an appeal which was received by the OIP on September 24th 2018 and was assigned a reference number. Please see attached Exhibit 12.

20. The OIP in a letter dated October 24th 2018, informed Plaintiff that subsequent to Plaintiff's appeal EOIR opened a new request to respond to the remaining aspects of Plaintiff's request. Plaintiff was also informed that since the EOIR has opened a new request the OIP cannot take any action on Plaintiff's appeal. Please see attached Exhibit 13.

21. EOIR also mailed Plaintiff a letter dated October 10th 2018 stating that it has assigned Plaintiff's original FOIA request a new reference number. Please see attached Exhibit 14*.

---

*\*Defendant EOIR has titled this new request as Statistics. It appears that the EOIR is only focusing on bullet points 9 through 18 and again overlooking bullet points #3 through 8.*

22. As of the date of this Complaint, Defendant EOIR has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; (iii) expedite the processing of Plaintiff's FOIA request; or (iv) inform Plaintiff that it may appeal any adequately specific, adverse determination.

### B. Federal Bureau of Investigation

23. On July 30th 2018 Plaintiff submitted a two part FOIA request to the FBI. In a follow up correspondence Plaintiff decided to narrow the scope of his request and requested the FBI to focus on the updated FOIA request. Please see attached FOIA request as Exhibit 15.

24. By a letter dated August 6th 2018 the FBI acknowledged Plaintiff's request and assigned a reference number. Please see attached Exhibit 16.

25. By a letter dated August 17th 2018 Defendant FBI pursuant to exemption 5. U.S.C § 552(b)(7)(a) refused to produce even a single record. Plaintiff promptly appealed and requested the OIP to address the request as most of the documents requested in the FOIA pertains to Plaintiff's closed criminal case and the use of exemption to not disclose even a single record is unjustified. Please see Exhibit 17.

26. Plaintiff's appeal was documented on September 24th 2018. Please see attached Exhibit 18.

27. In a letter dated January 31st 2019 OIP denied Plaintiff's appeal and affirmed FBI's decision to withhold all documents. Please see Exhibit 18-A.

(Remainder of the page left blank)

4. <u>**Defendant Department of Homeland Security ("DHS") and its components (A) Immigration and Customs Enforcement ("ICE") (B) United States Citizenship and Immigration Services ("USCIS")**</u>

### A. *Department of Homeland Security & Immigration and Customs Enforcement*

28. On July 30th 2018 Plaintiff submitted similar FOIA requests separately to Defendant DHS, ICE and USCIS. Please see attached Exhibit 19.

29. As of the date of this complaint Defendant DHS* and Defendant ICE* have refused to address Plaintiff's FOIA request and have failed to acknowledge the receipt of Plaintiff's request

*Tracking number for proof of delivery to DHS and ICE available upon request.*

### B. *United States Citizenship and Immigration Services*

30. By a letter dated August 13th 2018, Defendant USCIS acknowledge d the receipt of Plaintiff's FOIA and issued a reference number. Please see attached Exhibit 20. However, that request was closed because Plaintiff did not attach a certificate of identity.

31. To cure the deficiency Plaintiff mailed the certificate of identity and upon receipt on October 5th 2018 Defendant USCIS assigned Plaintiff a new reference number. Please see attached Exhibit 21.

32. As of the date of this Complaint, Defendant USCIS has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; (iii) expedite the processing of Plaintiff's FOIA request; or (iv) inform Plaintiff that it may appeal any adequately specific, adverse determination.

(Remainder of the page left blank)

## COUNT 1
### VIOLATION OF FOIA 5. U.S.C § 552 AND 5. U.S.C § 552a

33. Plaintiff realleges paragraphs 1 through 32 as if fully stated herein.

34. Plaintiff is being irreparably harmed because of **Defendants** violations of FOIA and PA and will continue to be irreparably harmed unless **Defendants** are compelled to comply with FOIA & PA.

35. To trigger FOIA's administrative exhaustion requirement, **Defendants** were required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request. At a minimum, **Defendants** were required to (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records **Defendants** intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

36. Because **Defendants** failed to determine whether to comply with Plaintiff's request within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5. U.S.C. 552(a)(6)(C)(i).

## COUNT II
### VIOLATION OF FOIA 5. U.S.C § 552 AND 5. U.S.C § 552a
### Defendant FBI wrongfully withheld documents

37. The FOIA has a goal of broad disclosures, and its exemptions must be given a narrow compass. 5 U.S.C § 552(b); *Milner v. Dep't of Navy, 562 U.S. 562, 571 (U.S 2011).*

38. In response to Plaintiff's FOIA request Defendant FBI refused to produce even a single record and applied exemption (b)(7)(A) across the board. This despite the fact that a majority of the items requested in the FOIA (Exhibit 18) pertains to Plaintiff's closed criminal case. Plaintiff is befuddled as to how the disclosure of documents relating to Plaintiff's own criminal case would harm any interest protected by the applied exemption. Plaintiff contends that bullet points numbered *8 and 11 through 21* does not even fall under the exemption.

39. Defendant FBI's reliance on FOIA exemption 7(A) in providing documents pertaining to Respondents closed criminal case is inappropriate.

40. Defendant's FBI reliance on FOIA exemption 7(E) is also inapplicable. FOIA exemption 7(E) protects from disclosure law enforcement records *"to the extent that the production of such information would disclose techniques and procedures for law enforcement investigation or prosecutions, or would disclose guidelines for law enforcement investigations or prosecution, if such disclosure could reasonably be expected to risk circumvention of the law"*.

41. However, Defendant is obligated to "at least provide some explanation of what procedures are involved and how they would be disclosed" *Citizens for Responsibility & Ethics in Wash V. U.S Dept of Justice*, 746 F.3D 1082, 1101-1102 (D.C Cir 2014). Defendant is required to demonstrate logically how the release of the requested information might create a risk of circumvention of the law. *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C Cir 2011).

42. Nowhere in Defendant's response does Defendant list that any procedures and techniques it has identified are in the records, that they may be exploited from the records withheld, or how the information withheld would create a risk of circumvention of law.

43. Defendant FBI's reliance on exemption (b)(7)(A) and (b)(7)(E) is vague and simply a reiteration of the wording in the statue. Absent an explanation of the link between the exemptions and how releasing Plaintiff's **own criminal records and audio recordings of debriefing sessions** neither the Plaintiff nor the Court can make an informed determination on the validity of the exemption. It clearly appears that the FBI's withholding of records is unlawful and done in bad faith.

44. Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendant FBI to promptly produce all records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records to the satisfaction of this Court.

(Remainder of the page left blank)

## RELIEF

Wherefore, Plaintiff respectfully requests that the court: (1) order **Defendants** to conduct search for any and all records responsive to Plaintiff's request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request (2) order **Defendants** to produce, by a date certain, any and all non-exempt records to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin **Defendants** from continuing to withhold any and all non-exempt records responsive to the request (4) order **Defendants** to describe with particularity and support with substantial evidence the reason for withholding each document (5) direct the **Defendants** to expedite and waive any costs associated with production of records (6) ensure that **Defendants** don't take any actions to moot Plaintiff's complaint in bad faith (7) grant Plaintiff any litigation costs and award attorney fees if an attorney is retained by Plaintiff in the future and (8) grant Plaintiff such other relief as the Court deems just and proper.

Respectfully Submitted

Babar Butt
A# 208 299 802
1209 Sunflower Lane
Alvarado, Texas
02/12/2019

## Certificate of Interested Parties

I certify that to the best of my knowledge the following are interested parties in this case

U.S. Department of State
Central Intelligence Agency
U.S. Department of Justice
U.S. Department of Homeland Security
Executive office for Immigration review
Federal Bureau of Investigation
U.S. Citizenship & Immigration Services
Immigration and Customs Enforcement

Babar Butt
A# 208 299 802
1209 Sunflower Lane
Alvarado, Texas
02/12/2019