UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BABAR JAVED BUTT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>    Defendants. | Civil Action No. 19-155 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Babar Javed Butt seeks a fee waiver for his substantial Freedom of Information Act request to the Federal Bureau of Investigation. As he does not satisfy the standard for such waivers, the Court will deny the Motion.

### I. Background

Butt is currently a federal prisoner in Texas in immigration-related removal proceedings. See ECF No. 11 (Am. Compl.) at 2. In the hopes of avoiding such fate, he submitted detailed FOIA requests to numerous federal agencies. His letter to the FBI, for example, contains 24 separate request items, all of which relate to his criminal prosecution and many of which are quite broad. Id., Exh. 15 (FBI Request) at 1–3. Given the scope of his request, it was not surprising that the FBI located 44,817 pages of potentially responsive records. See ECF No. 36 (Opp.) at 1. The Bureau informed Butt, after some voluntary narrowing of his request, that the estimated duplication cost would be $2,595 for CDs or $1,225 for paper releases. Id. Seeking to avoid payment, Plaintiff filed this Motion for Waiver of Fees.

1

## II. Analysis

Agencies can charge requesters reasonable fees for processing FOIA requests. See 5 U.S.C. § 552(a)(4)(A)(i). Such fees may be waived or reduced under 5 U.S.C. § 552(a)(4)(A)(iii) if a requester shows that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." The burden is on the requester to show that her fee-waiver request satisfies the statutory requirements and that she made her request "with reasonable specificity and based on more than conclusory allegations." Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (internal citations and quotations marks omitted). These fees, however, should "not be used as an obstacle to disclosure of requested information." Long v. Dep't of Homeland Sec., 113 F. Supp. 3d 100, 103 (D.D.C. 2015) (quoting Eudey v. CIA, 478 F. Supp. 1175, 1177 (D.D.C. 1979)). Fee-waiver requests, accordingly, are liberally construed in favor of the requester. See Nat'l Sec. Counselors v. DOJ, 848 F.3d 467, 473 (D.C. Cir. 2017); Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Educ., 593 F. Supp. 2d 261, 268 (D.D.C. 2009).

While the FBI acknowledges that disclosure is not sought for Butt's commercial interest, see Opp. at 3, it contends that this information will not contribute to a significant public understanding. On the contrary, the Bureau maintains that Butt seeks it solely to pursue his own deportation fight. Indeed, the request itself states that the request is to "[p]revent[] my deportation," "[e]ffectively adjudicate my Civil Rights Bivens claim against Federal agents," and "[p]erfect[] an appeal brief in the Court of Appeals for the Fifth Circuit of Texas." FBI Request at 1.

In order for a request to meet the "public understanding" requirement, it must fulfill four criteria: "(1) the request must concern the operations or activities of government; (2) the disclosure must be 'likely to contribute' to an understanding of government operations or activities; (3) disclosure must contribute to an understanding of the subject by the public at large; and (4) disclosure must be likely to contribute significantly to such public understanding." Judicial Watch, Inc. v. DOJ, 365 F.3d 1108, 1126 (D.C. Cir. 2004) (citing 28 C.F.R. § 16.11(k)(2), now codified in 28 C.F.R. § 16.10(k)(2)).

Although the request certainly concerns government operations, Butt has made no showing or any argument about how disclosure would contribute in any way to public understanding of such operations. While the Court understands that he is eager to obtain anything that might forestall his deportation or aid his appeal, this would be true of every single prisoner or deportee request. Where Plaintiff has offered nothing to satisfy the public-interest prongs, the Court cannot grant his request.

## III. Conclusion

For these reasons, the Court will deny Plaintiff's Motion for Fee Waiver. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: March 19, 2020