UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BABAR JAVED BUTT,           )<br>                             )<br>     Plaintiff,             )<br>                             )<br>     v.                      )<br>                             )<br>U.S. DEPARTMENT OF STATE, *et al.*, )<br>                             )<br>     Defendants.             )<br>                             ) | Civil Action No. 19-0155 (JEB) |

## DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendants hereby move for an order staying proceedings in this case due to COVID-19 related cessation of operations by the U.S. Department of State ("State") and Federal Bureau of Investigation ("FBI") sections that handle Freedom of Information Act ("FOIA") and Privacy Act litigation cases nationwide. In support of this motion, Defendants submit the attached declarations of Michael G. Seidel, Assistant Section Chief of RIDS, Information Management Division at the FBI and Eric F. Stein, Director of the Office of Information Programs and Services ("IPS") at State. The meet and confer requirements of Local Civil Rule 7(m) do not apply here because Plaintiff is an incarcerated party.

In response to the COVID-19 pandemic, the FBI and State have been implementing guidelines issues by the Office of Personnel Management and Office of Management and Budget to protect their employees and communities during this national emergency. Decl. Michael G. Seidel ("Seidel Decl.") ¶¶ 5-6; Decl. Eric F. Stein ("Stein Decl.") ¶¶ 5-9. At the FBI, telework is not available for RIDS employees handling the agency's FOIA matters because the systems on which they work are located on the FBI's secret-level classified enclave. Seidel Decl. ¶ 7. Most FOIA-related searches and processing are located on the secret enclave, and classification reviews

that are necessary before records are processed are work that must be completed in the office. *Id.*

The FBI has designated RIDS employees not mission-critical and sent these employees home beginning March 17, 2020. *Id.* ¶ 8. As of March 17, 2020, no further agency productions of records pursuant to FOIA will be made. *Id.* Additionally, RIDS staff members who are responsible for drafting *Vaughn* declarations and indices have been designated as not mission-critical and were sent home. *Id.*

State's IPS employs retired Foreign Service Officers ("REAs") to review and process documents in response to FOIA requests, and the REAs are an indispensable part of the FOIA litigation process. Stein Decl. ¶¶ 10-11. At this time, REAs are no longer able to access their offices for two reasons. First, the processing of FOIA cases is not deemed a mission-critical function. *Id.* ¶ 12. Second, since the REAs are retired Foreign Service Officers, many of them are within the age groups identified by the Centers for Disease Control as being at higher risk for serious illness from COVID-19. *Id.* Consequently, State has paused the scheduling of all REAs working in the department's offices effective March 19, 2020. *Id.*

Although REAs are telework eligible, very few REAs are telework-ready at this time. *Id.* ¶ 13. Furthermore, even if the REAs were telework ready, they would be unable to advance any work on this case because potentially responsive documents reside in a document review system that is operated exclusively on a classified computer network that cannot be accessed via telework or offsite. *Id.* ¶¶ 13-15. Although State is in the process of transferring cases to a new document review platform, cases that are currently in the original system, like this case, will continue to be processed on a classified network after the transfer. *Id.* ¶¶ 15-17.

This litigation is impacted by the measures that the FBI and State have undertaken to protect the community from COVID-19. As explained above, the FBI and State cannot proceed

with processing and producing documents until FOIA personnel are able to return to work after the COVID-19 pandemic resolves.  *See id.* ¶ 20; Seidel Decl. ¶ 8.  Although RIDS currently anticipates that staff will return to work on March 30, 2020, the situation "remains fluid and will be regularly re-assessed as circumstances change."  Seidel Decl. ¶ 8.

WHEREFORE, in light of these unique and unprecedented circumstances, Defendants ask that the Court stay these proceedings until further order of this Court.  Defendants propose that they file a status report by April 24, 2020, and continuing every thirty (30) days thereafter, advising the Court whether the agencies have resumed operations and, if so, proposing a schedule to resume processing and productions.  A proposed order accompanies this motion.

Dated: March 25, 2020
        Respectfully submitted,

        TIMOTHY J. SHEA, DC Bar #437437
        United States Attorney

        DANIEL F. VAN HORN, DC Bar #924092
        Chief, Civil Division

By:    /s/ Robert A. Caplen
        ROBERT A. CAPLEN, DC Bar #501480
        Assistant United States Attorney
        U.S. Attorney's Office, Civil Division
        555 4th Street, N.W.
        Washington, DC 20530
        (202) 252-2523
        robert.caplen@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing Defendants' Motion to Stay Proceedings and a proposed Order has been made by mailing copies thereof to:

Babar Javed Butt
A # 208299802
1800 Ridgemar Drive
Cleburne, TX 76031

on this 25th day of March, 2020.

/s/ Robert A. Caplen
ROBERT A. CAPLEN, DC Bar #501480
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, DC 20530
(202) 252-2523
robert.caplen@usdoj.gov